UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODNEY HENLEY                                   CIVIL ACTION

VS.                                             NO. 2:19-CV-00135

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Rodney Henley respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Rodney Henley**, of lawful age and a resident of Angie, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Community Coffee Company, L.L.C. and an insured participant of a group disability policies issued by Life Insurance Company of North America.

4. Defendant, Life Insurance Company of North America ("LINA"), is a foreign corporation, domiciled in Pennsylvania and authorized and doing business in Louisiana.

5. LINA issued a group STD policy, No. LK-750465 and a group LTD policy LK-961582, insuring the employees of Community Coffee Company, L.L.C. Plaintiff is a beneficiary and insured under the policies.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded his from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policies issued by LINA. Plaintiff had worked as a merchandiser for Community Coffee. A copy of his job duties were provided to Cigna which demonstrate that he was required to drive a company vehicle to grocery stores and to stock and reset products. His job required the utmost physical ability as he was required to unload products from pallets onto carts, lift heavy objects, etc.

9. Mr. Henley was required to stop working due to severe back pain caused by severe stenosis, scoliosis, with radiculopathy, as well as carpal tunnel syndrome. He applied for disability benefits under the STD and LTD policies.

10. LINA without good reason or cause denied such benefits.

11. Plaintiff appealed the denial of benefits providing evidence demonstrating that he is entitled to benefits under the STD and LTD policies, as his doctor has restricted him from performing the type of work required of his occupation. He also explained that he was required to undergo back surgery and was continuing to recover from such surgery.

12. Cigna refused to reverse its decision during the appeal.

13. After denying Plaintiff's appeal, Plaintiff retained undersigned counsel who again requested reconsideration of the denial of his appeal, providing specific information as to why Plaintiff clearly meets the policy definitions of disability under both the STD and LTD policies. Indeed, both the STD and LTD policies define disability the same, i.e. the inability to perform the material duties of one's regular occupation. Plaintiff requested Cigna to immediately approve both this STD and LTD claims.

14. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

15. LINA unlawfully denied Plaintiff benefits he is entitled to receive under terms of the short and long term disability policy.

16. Plaintiff appealed the denial, but LINA upheld its previous decision.

17. Plaintiff has ignored Plaintiff's claim for long term disability benefits and therefore his claim is deemed exhausted.

18. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

19. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse LINA's denial of benefits.

20. LINA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

21. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

22. LINA has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

23. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

24. LINA has failed to give the policy and Plan a uniform construction and interpretation.

25. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

26. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

27. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

28. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

29. Defendants' denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,
/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com